IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HOUSTON,                   :
                                :
        Plaintiff                :
                                :
    v.                          : CIVIL NO. 4:CV-13-2316
                                :
N. ARNOLD, ET AL.,              : (Judge Brann)
                                :
        Defendants               :

## **MEMORANDUM**

November 26, 2013

**Background**

This pro se civil rights action was filed by Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg).[1] Named as Defendants are five (5) USP-Lewisburg correctional officers: N. Arnold; M. Thompson; J. Epps; J. Eck; and A. Beaver.

On October 29, 2013, this Court issued an Order addressing the sufficiency of the Original Complaint. See Doc. 6. The Order noted that the Original Complaint "was a rambling at times illegible narrative which generally asserts that Houston is being subjected to racially motivated retaliatory mistreatment including 'life

---

[1] Along with his Complaint, Houston also submitted a proper in forma pauperis application.

threatening sexual harrassed /gang banged) association racially profiled against put in (paper clothes) against his free will.'" Id. at p. 1. It was also noted that there were no specific incidents of constitutional misconduct referenced in the Complaint and that due to the disjointed narrative set forth in the Complaint, the exact nature of Plaintiff's claims against the respective Defendants was unknown.

Based upon those observations, the Order concluded that the Original Complaint, even when liberally construed, did not meet the requirements of federal Rule of Civil Procedure 8. Accordingly, Houston was directed to file an amended complaint within twenty (20) days which was no more then twenty (20) pages in length; stated each claim he wished to pursue in a clear and concise manner; identified all defendant[s]; and specified the relief he was seeking. Finally the Order forewarned Plaintiff that failure to submit an amended complaint or otherwise respond to the Order within the relevant time period would result in dismissal of his action for failure to prosecute.[2] See Doc. 6, p. 5.

**Discussion**

A review of the docket show that following entry of the October 29, 2013 Order, Houston has not made any filings in this matter. The form complaint which

---

[2] The Plaintiff was also provided with a form civil rights complaint which this Court routinely provides to pro se litigants.

was mailed to Houston has not been returned. Nor has Plaintiff requested additional time in which to file an amended complaint. Houston has also not offered any explanation for his failure to do so and he has not sought reconsideration of the October 29, 2013 Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Court of Appeals for the Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice

to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[3] It is initially noted that even under the most generous treatment given to Houston's Original Complaint, it simply fails to provide fair notice as to the nature of Plaintiff's claims as required under Rule 8. There are no factual assertions set forth which adequately describe any particular conduct committed by a specific defendant which could rise to the level of a constitutional violation. Thus, the Original Complaint cannot be allowed to proceed.

Furthermore, although Houston has been granted an abundance of time and supplied with a form civil rights complaint he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative

---

[3] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis. An appropriate order will enter.

**BY THE COURT:**

s/Matthew W. Brann
Matthew W. Brann
United States District Judge